■ BERO CONSTRUCTION CORPORATION, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 40377.) — Judgment unanimously modified on the law and facts and a new trial granted in part, in accordance with the Memorandum, and as modified, affirmed, with costs to the respondent-appellant. Memorandum: The Trial Judge found that there was a breach of contract and that the State was responsible for delay in completion of the contract. We agree with the first of these findings (see *Groves & Sons* v. *State of New York*, 27 A D 2d 637), but disagree in part as to the latter. It does not appear from the record that all of the delay was caused by the State. Part, at least, may have been chargeable against the claimant resulting from its own actions, labor disputes, and adverse weather conditions. The record presented before us does not permit computation of damages for delay caused by the State. Therefore, the awarded items of $3,071, $31,236, $4,923.05, and $36,461.10 are reversed. These items are remitted to the Court of Claims for a new trial, upon which it shall be determined what caused the delay, to whom it should be charged or credited, and the net amount of damages caused the claimant thereby, including a consideration of any attempts at mitigation of damages by way of alternate use of equipment which claimant might reasonably have made. In determining the amount of damages caused by delay, testimony regarding Bero's internal cost allocation for equipment should be received and considered insofar as it may be helpful in ascertaining fair rental values. The amount allowed for breach of contract other than delay was inadequate. The Trial Judge

allowed only $14,341.20. This item was for extra expense in placing 28,120 cubic yards of Item 2E, and should be reduced to $10,685.60, because the amount allowed by the Trial Judge includes profit, which we are allowing separately in the amount of $42,461.20. Because of the State's change in its specifications as to materials to be placed (breach of contract), the claimant was prevented from realizing profit it would have earned had the change not been made. The claimant is entitled to this profit. (*Oswego Falls Pulp & Paper Co.* v. *Stecher Lithographic Co.*, 215 N. Y. 98, 103; *Danolds* v. *State of New York*, 89 N. Y. 36; 13 N. Y. Jur., Damages, § 110.) This profit in the unchallenged amount of $42,461.20 is hereby awarded. No award of profit was made for a similar change in materials in *Groves & Sons* v. *State of New York* (*supra*) because the claimant tried that claim item on an extra cost theory. The award, therefore, should be reduced to $53,146.80 plus interest. The interest on the award in the amount of $11,194.02 must be recomputed on the basis of the award presently given, and whatever award may be made in the Court of Claims as a result of this remission. The award of $772.86 for interest on the final estimate amount is hereby affirmed. Any findings of fact and conclusions of law inconsistent with this memorandum are hereby disapproved and reversed. (Appeal and cross appeal from judgment of Court of Claims in favor of claimant in an action for breach of contract.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.